G. E. MOORE *et al.* v. THE CITY OF PAOLA *et al.*

No. 12,449.   (66 Pac. 1040.)

TAXATION—*Special Assessment.* The assessment and levy of a paving tax upon the abutting real property, regardless of improvements, sustained.

Error from Miami district court; JOHN T. BURRIS, judge. Opinion filed December 7, 1901. Division two. Affirmed.

*Wells & Crossman*, for plaintiffs in error.

*Alpheus Lane*, and *Jos. P. Trickett*, for defendants in error.

*Per Curiam:* This is an action in injunction brought by the several plaintiffs against the city of Paola, J. W. Tatham, as city clerk, John F. Donahoe, as mayor, and Geo. W. Seaver, as treasurer of Miami county, to restrain the collection of a special assessment made on the separate property of each of the plaintiffs for the purpose of paying for macadamizing one of the streets of said city of Paola. The defendants demurred to the petition and the demurrer was sustained, and a judgment rendered against plaintiffs for costs. The cause comes to this court on a case-made, attached to which is a certificate from the judge of the district court trying the cause certifying that it involves the tax law of the state and presents a constitutional question.

It appears, from the allegations in the petition and the statement of counsel for plaintiffs in error in their brief, that the city, in determining the necessity for such macadamizing, and in its appraisement and assessment, has in all particulars complied exactly with the statute; but it is alleged that the statute, or the portion thereof which confers on cities of the second class the power to make improvements and to levy and collect a special assessment for such purpose upon the abutting property, is in violation of the constitution of the United States.

Counsel have not referred us to any special provision of that instrument which has been violated by this act of the legislature of Kansas, and we know of no section thereof which has been thus violated. The argument made by counsel is that other persons, whose property is adjacent to that of plaintiffs, have more valuable improvements, and the street thus macadamized would be of greater benefit to them than

Moore v. Paola.

it would be to his clients, some of whom, at least, have very little improvement upon their lots, and for that reason the levy is not equal.   In reading the statute, however, it will be observed that, in making the appraisement and levying the assessment, the improvement on the property is not taken into consideration, but is excluded by the statute.

We are unable to tell from the petition whether this street has been macadamized and the expenses therefor assessed by the city council against the property and certified by the clerk to the county treasurer, or what steps have been taken, except that the city council determined that such street ought to be macadamized and have had the property appraised and the cost apportioned to each lot.   As stated by counsel in their brief, the city has followed the statute exactly.

. We think the contention of counsel on this proposition cannot be sustained.   The statute provides for an equal assessment and levy of such expense on abutting property, regardless of improvements.   We know of no reason why this law is unconstitutional, and, as counsel have pointed out none, and since the city council followed the statute, we assume that the court below ruled correctly in sustaining the demurrer.

The judgment will be affirmed.

CUNNINGHAM, GREENE, POLLOCK, JJ.